J-S44021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZEON L. MARZKA | |
| Appellant | No. 2029 WDA 2014 |

Appeal from the Judgment of Sentence entered October 29, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000433-2014

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 09, 2015**

Appellant, Zeon L. Marzka, appeals from the judgment of sentence the Court of Common Pleas of Erie County imposed on October 29, 2014.  In the brief filed by his counsel in accordance with **Anders v. California**, 386 U.S. 738 (1967), as refined by **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), Appellant contends his sentence is manifestly excessive.  His counsel concurrently filed a petition for leave to withdraw.  For the reasons explained below, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant background of the case as follows:

On September 9, 2014, Appellant appeared before the Honorable Ernest J. DiSantis, Jr., and pled guilty to an amended count of second-degree arson.  In exchange, the Commonwealth *nolle prossed* the remaining six counts.

On October 29, 2014, Appellant appeared before this [c]ourt and was sentenced to a term of 4 to 10 years' incarceration. Appellant filed a timely . . . [m]otion to [r]econsider [s]entence, which this [c]ourt denied on November 12, 2014.

Appellant filed a timely [n]otice of [a]ppeal on December 10, 2014. In response thereto, this [c]ourt entered a Rule 1925(b) [o]rder, directing Appellant to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal. Appellant timely complied on December 22, 2014[.]

Trial Court Opinion, 2/5/15, at 1.

We may not address the merits of Appellant's issue without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Santiago* did not change the procedural requirements for requesting withdrawal from representation.

Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in *Anders*. In the petition to withdraw, counsel explains her conclusion that, based on a review of the case, there are no meritorious issues to be raised on Appellant's behalf and that proceeding with the case

- 2 -

would be frivolous. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration.

Having concluded counsel satisfied the procedural requirements of *Anders*, we must ascertain whether the brief satisfied the substantive mandates prescribed in *Santiago*. In *Santiago*, our Supreme Court announced:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case. Counsel has satisfied the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel suggests that the trial court failed to consider his "obvious remorse" and "rehabilitative potential." Appellant's Brief at 7. Counsel has satisfied the second *Anders* requirement.

- 3 -

Counsel also has satisfied the third element of **Anders**, stating her conclusion that the appeal is frivolous. Appellant's Brief at 7-8. Finally, counsel provided her reasons for concluding the appeal is frivolous. Counsel, therefore, has satisfied the fourth and final element of the **Anders** test.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

As noted above, Appellant argues the trial court abused its discretion by imposing a manifestly excessive sentence. Specifically, Appellant argues the trial court did not properly weigh his "obvious remorse" and his "rehabilitative potential." Appellant's Brief at 7. Appellant concludes that the trial court should have considered these mitigating factors and fashioned a lesser sentence. **Id.** As such, Appellant presents a challenge to the discretionary aspects of his sentence.

In **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 467 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

A review of the record reveals that Appellant has satisfied the first three elements of the test. We now turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.[1]

A claim of inadequate consideration of mitigating factors generally fails to raise a substantial question. **See, e.g., Commonwealth v. Johnson, J.**, 961 A.2d 877, 880 (Pa. Super. 2008). Additionally, we have held "[t]hat the court['s] refus[al] to weigh the proposed mitigating factors as Appellant

---

[1] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **See, e.g., Commonwealth v. Johnson**, **G.**, 873 A.2d 704, 709 (Pa. Super. 2005)**.**

wished, absent more, does not raise a substantial question." ***Moury***, 992 A.2d at 175 (citations omitted). Here, Appellant's challenge is limited to the sentencing court's alleged failure to account for mitigating factors, providing no additional reason for challenging the sentence. Accordingly, Appellant failed to raise a substantial question for our review. ***Id.***

Even if we were to conclude otherwise, Appellant failed to show the sentencing court abused its discretion in fashioning Appellant's sentence.[2] To this end, the trial court noted:

> [T]his [c]ourt sentenced Appellant to 4 to 10 years' incarceration, which was an upward departure from the aggravated range, but within the statutory maximum limit. As the record reflects, before imposing sentence, this [c]ourt considered the pre-sentence investigative report, the Pennsylvania Sentencing Code and all its factors, and the Pennsylvania Sentencing Guidelines.

Trial Court Opinion, 2/5/15, at 4 (footnote and citation omitted).

The trial court also noted that it explained on the record its reasons for departing upward from the sentencing guidelines. ***Id.*** Indeed, the notes of testimony reveal the trial court stated the following:

> Here, [Appellant] intentionally set fire on a porch and imperiled six people, including an infant. He did so at 3:00 a.m. and although he professes to intend no harm, that just has no

---

[2] "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).

credibility. You set fire to a place where people are sleeping with a high probability, a high probability of killing them. And now it turns out in court that he claims to have been acting at the behest of others, some person too powerful to touch, this imaginary Professor Moriarty. I conclude he did it. He either did it for his own anger or to please another or for profit, but the reality is he stands here and hides, under his theory, the true perpetrator. That goes beyond the heartland of the sentencing guidelines[.] [The sentencing guidelines] are not a handcuff for the court. I rarely deviate from them. But in this case, this arson with the imperiling of six lives, one an infant, offered not in anger, but in cold calculation, that's what he tells us, still protecting the person he claims is at the top of it, if that's to be credited, chills one to the very soul.

I'm going to go beyond the standard range of the guidelines. I'm going to go beyond the aggravated range of the guidelines and I'm going to impose a sentence of four years to ten years[.]

. . . .

A person who would set fire to a house with an infant in there deserves nothing more than a long prison sentence. And I note for the record, aside from his crime, his prior record score is already five.

Trial Court Opinion, 2/5/15, at 4-5 (quoting N.T. Sentencing, 10/29/14, at 17-18).

There is no indication in the record before us the sentencing court failed to consider Appellant's personal circumstances, ignored mandatory sentencing factors under 42 Pa.C.S.A. § 9721(b), or in any other way imposed a sentence that can be characterized as excessive in relation to the underlying circumstances. Appellant has not advanced a plausible claim that the sentencing court's actions were inconsistent with any provision of the sentencing code or were contrary to the fundamental norms underlying the

sentencing process. Nor do we find any other meritorious issue present in this case. His appeal is wholly frivolous.

In essence, Appellant is asking this Court to make credibility determinations by reweighing Appellant's display of remorse. We cannot do so. *See*, *e.g.*, *Commonwealth v. Gibson*, 720 A.2d 473, 480 (Pa. 1998) ("Credibility determinations are strictly within the province of the finder of fact; therefore, an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact."); *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999), *appeal denied*, 790 A.2d 1013 (Pa. 2001) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.") (citation omitted).

Counsel's petition for leave to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015